**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

HUDSON INSURANCE COMPANY                                                        PLAINTIFF

V.                                                        CAUSE NUMBER: 4:25-cv-00141-JDM-JMV

DELTA TRANSPORTATION
SERVICES, INC.; TONUA WHITAKER;
DESAREE HARRIS, as Administratrix
of the Estate of Olen Kerr, Deceased;
ATAIN SPECIALTY INSURANCE COMPANY                                          DEFENDANTS

**<u>MEMORANDUM ORDER AND OPINION</u>**

Atain Specialty Insurance Company seeks dismissal as one of several defendants in this declaratory action. The plaintiff is Hudson Specialty Insurance. Atain and Hudson shared a mutual insured, Delta Transportation Services. Atain issued a commercial general liability policy, and Hudson issued an auto policy. During the overlapping coverage periods, an incident occurred while a Delta Transportation employee was pushing a medical patient in his wheelchair to an awaiting transport van. The patient was injured and ultimately died. And the patient's estate sued Delta Transportation for wrongful death.

Both Hudson and Atain have asserted the incident giving rise to the suit did not trigger their respective coverages. In Atain's view, the alleged injuries arose from the use of an auto—namely, Delta Transportation's medical-transport van—or at a minimum the loading or unloading of an auto. This means coverage under the Atain policy is either excluded or very limited. Hudson takes the opposite position. It asserts the alleged incident did not arise out of the use of a covered auto. So Hudson's auto policy does not provide coverage. Hudson filed this declaratory action against Atain, Delta Transportation, Delta Transportation's employee, and the deceased's estate and asks this Court to declare it owes no obligation under the auto policy.

Atain responded with a Motion to Dismiss. It asserts Hudson has failed to state a claim against it. It also argues there is no "actual controversy" between it and Hudson, so there is no federal subject matter jurisdiction.

The gist of Atain's argument is that Hudson's claims are solely aimed at resolving a coverage dispute between Hudson and Delta Transportation. And Atain represents it "has no position on Hudson's dispute with its insured." But Hudson's dispute with Delta Transportation and Atain's dispute with Delta Transportation are just different sides of the same coin. At the heart of this declaratory action is whether the incident causing the injuries that led to the wrongful-death lawsuit were caused by use of a "covered auto." And Atain has taken the opposite position on this question to assert it owes no coverage. So a judicial declaration in Hudson's favor that the incident did not arise out of use of an auto would cut the legs from under Atain's argument why *it* owes no or limited coverage.

In other words, if the coin lands on Hudson's side, Hudson wins and Atain loses. So there is a present, actual controversy between the two insurers, triggering this Court's jurisdiction. There are also sufficiently pled claims squarely aimed at Atain. The only exception is Hudson's punitive-damages claim, which this Court dismisses against Atain only.

Thus, Amended Motion to Dismiss [26] is **GRANTED in part and DENIED in part**.

### Background Facts & Procedural History

As its name suggests, Delta Transportation transports patients to non-emergency medical appointments. Hudson provided Delta Transportation auto insurance, while Atain provided Delta Transportation commercial general liability insurance. During their respective coverage periods, Delta Transportation allegedly caused the death of Olen Kerr. Kerr was wheelchair bound. And as Delta Transportation employee Tonua Whitaker pushed him down the ramp of his home toward

the waiting transport van, Kerr's wheelchair allegedly struck a bump in the curb. Kerr fell out of the wheelchair and sustained serious injuries—injuries allegedly leading to his death months later.

Kerr's estate sued Whitaker and Delta Transportation for wrongful death in state court. [1-1] And both Hudson and Atain have been providing a defense to that lawsuit. But Atain has been providing a defense under a reservation of rights. [28-2] Atain has taken the position that, at most, the incident was covered by a $50,000 "Loading and Unloading Coverage Extension," and not the full $1,000,000 per-occurrence CGL policy. Specifically, Atain has questioned whether Kerr's injuries were caused by a "professional incident," which Atain's policy covered. Or did Kerr's injuries arise in connection with an auto, which Atain's policy excluded. [28-2]

Hudson has taken the opposite view. It initiated this declaratory action seeking a judgment that it owes no duty under its auto policy. That's because—as Hudson sees it—the incident and Kerr's injuries did *not* result from the use of a covered auto. Hudson has named as defendants Delta Transportation, Whitaker, the administratrix of Kerr's estate, and Atain. Hudson brings three causes of action against all defendants—(1) declaratory judgment that the incident subject of the underlying action did not result from the use of a covered auto, (2) declaratory judgment that the policy's form endorsement . . . , "professional services not covered," bars defense and indemnity coverage for the underlying action, and (3) declaratory judgment that the punitive damages exclusion bars defense and indemnity coverage for the underlying action.

Delta Transportation answered the complaint and countered with a bad-faith-denial-of-insurance claim against Hudson. Delta Transportation also brought a cross-claim against Atain, asserting Atain had a duty to defend and indemnify in the underlying wrongful-death action. [11]

Atain responded to Hudson's complaint with a Motion to Dismiss. [12] Due to a procedural misstep, this motion was denied without prejudice. [25] So Atain filed an Amended Motion to

3

Dismiss. [26] Between Atain's original and amended motion, Kerr's estate amended its answer to add a cross-claim against Atain. [24]

### Atain's Motion to Dismiss

It is the Amended Motion to Dismiss [26] that is now before this Court. Atain attacks Hudson's complaint, as it relates to Atain, on two fronts. First, it moves for dismissal under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). It asserts Hudson's complaint fails to state a claim against *it* because "none of the three claims asserted by Hudson mention Atain, involve the Atain Policy, or require discovery from Atain." Atain does acknowledge "Hudson has asserted factual allegations which relate to its policy and actions thus far[.]" But it argues these facts are "insufficient to establish a 'legally cognizable claim' against Atain."

Second, Atain moves for dismissal under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1). It claims this Court lacks subject matter jurisdiction because Hudson's complaint fails to allege an "actual controversy" between the two insurance companies. Instead, it asserts the controversy is solely between Hudson and its insured, Delta Transportation. In Atain's view, because the underlying wrongful-death action is still pending, with no liability yet established and no demands for contribution made by Hudson on Atain, Hudson is merely raising a "hypothetical question" about which insurance applies should Delta Transportation become liable.

Hudson responded to Atain's motion by attaching a letter sent to Hudson from the attorneys Atain retained to defend the wrongful-death lawsuit. This letter demanded Hudson provide coverage because transporting Kerr in his wheelchair down his driveway to the awaiting van was a reasonably expected activity incident to using the van. [28-1] Hudson also submitted the reservation of rights letter Atain sent Delta Transportation. This letter spelled out Atain's position

that coverage was either excluded because the injuries arose in connection with an auto or coverage was limited to $50,000 because it arose out of loading an auto. [28-2]

**Analysis**

I. **This Court has subject matter jurisdiction over the "actual controversy" between Hudson and Atain.**

We begin with the jurisdictional question, as we must. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If this Court lacks subject matter jurisdiction, then it cannot reach the merits of Hudson's complaint. *Id.*

But this Court has subject matter jurisdiction.

Hudson brings its claims under the Declaratory Judgment Act. 28 U.S.C. § 2201. This Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But "only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990) (citing *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir. 1976), *cert. denied*, 425 U.S. 975, 96 S. Ct. 2176, 48 L. Ed. 2d 800 (1976)). The Act's actual controversy requirement is identical to Article III's case-or-controversy requirement. *State of Tex. v. W. Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989). "[A]n actual controversy is one where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Id.* (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)) (alteration in original).

Atain pushes back against both the immediacy and reality of a controversy with Hudson. It relies on a Southern District of Mississippi opinion that found no subject matter jurisdiction existed over a declaratory action between insurance companies. *Associated Int'l Ins. Co. v. First*

5

*Specialty Ins. Corp.*, No. 1:16-cv-239-HSO-JCG, 2016 WL 6834009 (S.D. Miss. Nov. 18, 2016). But the facts of that case are not analogous. There, the two insurers were excess carriers of two different commercial entities involved in an industrial explosion. *Id.* Their respective insureds were not named parties in the declaratory action. And the defendant excess carrier would only become obligated if its insured was found liable for the explosion—something that had yet to be determined. So the Court found any ruling on the defendant excess carrier's obligations *should* its insured be ultimately found liable would be purely advisory. *Id.* at *6.

That is not the case here. Hudson and Atain covered the *same* insured. And that insured has not only been named a defendant in this declaratory action, it has also filed a cross-claim against Atain. Further, Atain is *presently* defending Delta Transportation under a reservation of rights. And counsel Atain retained to defend Delta Transportation in turn have demanded that Hudson provide Delta Transportation a defense.[1] So contrary to Atain's characterization, the controversy between the two insureds is not merely hypothetical. It is actual.

Indeed, federal courts often exercise jurisdiction over declaratory actions involving controversies just like this one—when an insured's commercial general liability carrier and auto insurer point fingers at each other when the insured needs a defense in a commercial incident

---

[1] Atain contends this Court may not consider the reservation of rights letter and demand letter that Hudson submitted in defense of Atain's motion to dismiss. Instead, Atain insists this Court is limited to the allegations in Hudson's complaint. While that is true for Atain's 12(b)(6) motion, it is not the case for Atain's 12(b)(1) challenge. "In passing on a motion to dismiss because the complaint fails to state a cause of action, the facts set forth in the complaint are assumed to be true and affidavits and other evidence produced on application for a preliminary injunction may not be considered." *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947). "But when a question of the District Court's jurisdiction is raised, . . . the court may inquire by affidavits or otherwise, into the facts as they exist." *Id.* And here, the reservation of rights letter and demand letter present undisputed jurisdictional facts that Atain has taken the position that the incident arose out of the use of a covered auto. The letters also show a demand was made on Hudson to defend Delta Transportation based on the covered auto theory.

potentially involving a covered auto. *See*, *e.g.*, *Nat'l Cas. Co. v. W. World Ins. Co.*, 553 F. App'x 373, 374 (5th Cir. 2014) ("National Casualty and Western World both insured an ambulance company that was named in a personal injury lawsuit. In the present case, each party seeks a declaratory judgment holding that the other has the sole duty to indemnify the insured."); *Fireman's Fund Ins. Co. v. Canal Ins. Co.*, 411 F.2d 265, 266 (5th Cir. 1969) ("Fireman's Fund Insurance Company brought this action against Canal Insurance Company, seeking a declaratory judgment to determine the rights and obligations of each under policies of liability insurance, one of which was issued by Fireman's and one by Canal."); *Argonaut Ins. Co. v. Cotton States Mut. Ins. Co.*, 373 F. Supp. 817, 818 (M.D. Fla. 1974) ("This is an action for declaratory judgment to determine whether plaintiff or defendant or both provide insurance coverage in a certain personal injury occurrence.").

Moreover, that Delta Transportation has yet to be found liable does not deprive this Court of jurisdiction. In a much more analogous Southern District case than the one Atain relies on, the court rejected the notion that no case or controversy established jurisdiction because the insured had not yet been found liable in the underlying lawsuit. *Wesco Ins. Co. v. State Auto Prop. & Cas. Ins. Co.*, No. 3:20-cv-422-HTW-LGI, 2021 WL 3891084, at *2 (S.D. Miss. Aug. 31, 2021). In *Wesco*, several insurance companies shared a common insured. They disputed "which insurance company should provide primary coverage, which should provide excess coverage, and which should not be required to provide coverage." *Id.* at *1. The court found that the "parties' rights and responsibilities, *regardless of whether a judgment has been entered* finding for [the insured] in the underlying personal injury lawsuit, must be determined to prevent an 'actual present harm or [the] significant possibility of future harm.'" *Id.* at *2 (emphasis added) (quoting *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008)) (second alteration in original).

7

Thus, the actual controversy jurisdictional requirement under both Article III and the Declaratory Judgment Act had been met. *Id.*

Similarly, because an actual controversy exists between Hudson and Atain over the coverage issue raised in this Declaratory Action, Atain's motion to dismiss for lack of subject matter jurisdiction is DENIED.

**II.      Hudson's complaint states claims against Atain.**

Turning to Atain's motion to dismiss for failure to state a claim, this Court finds two of Hudson's three claims survive dismissal.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In Atain's view, it's not that Hudson's claims are not plausible—it's that no claims are *against Atain*.

But for this Court to adopt Atain's position, it would have to construe Hudson's complaint in a literal, narrow way and not give Hudson any inferential benefits. That is not how this Court views complaints facing Rule 12(b)(6) motions. Instead, this Court must accept "all well-pleaded facts as true and construe the complaint in the light most favorable to [Hudson,] the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). And in that light, Hudson's complaint states claims against Atain.

Again, it is not uncommon for a commercial general liability insurer and an auto insurer to take opposing positions that an underlying incident was or was not caused by a covered auto. Nor is it unusual in such cases and for one insurer to bring a federal declaratory action against the other.

*E.g.*, *Nat'l Cas. Co.*, 553 F. App'x 373; *Fireman's Fund Ins.*, 411 F.2d 265; *Argonaut Ins. Co.*, 373 F. Supp. 817. While Atain argues it "has no position on Hudson's dispute with its insured," Hudson's complaint states otherwise. And we must take Hudson's allegations as true. According to Hudson, "Atain contends that there is coverage under the Hudson Policy because the incident resulted from the 'use of a covered auto.'" [1, ¶16] And "[b]y taking this position, it appears that Atain denies that there is coverage under the Atain Policy because it contends that the incident arose out of or in connection with an 'auto,' which is specifically excluded in the Atain Policy." [1, ¶16]

Count 1 seeks a declaratory judgment that the incident did not result from the use of a covered auto. Specifically, the complaint suggests Hudson's motive for filing this declaratory action was Atain's having already taken the position that Hudson's policy, not Atain's, covers the incident. And if Hudson prevails on Count 1, Atain's denial of coverage will be gutted. So Count 1 is aimed at Atain, in addition to Delta Transportation, Whitaker, and Kerr's estate.

So is Count II, which seeks a declaratory judgment that, during the incident, Whitaker was providing medical or other professional services. Hudson alleges that, while its policy does not apply to injuries resulting from providing medical or other professional services, Atain's policy covers injuries caused by a "professional incident." And Atain's policy defines "professional incident" as any negligent act or omission in the furnishing of healthcare or professional services. So like the covered auto claim, the professional services claim is directed at Atain and not just the other defendants.

By contrast, Count III seeks a declaratory judgment that there is no coverage for punitive damages under Hudson's policy. And this Court agrees this particular claim does not implicate

Atain or attempt to resolve a coverage dispute between the two insurers.  So Count III, to the extent it is asserted against Atain, is DISMISSED.

### Conclusion

Atain's Amended Motion to Dismiss [26] is **GRANTED in part and DENIED in part**. This Court GRANTS dismissal only of Count III of the Complaint [1] and only to the extent this Count was asserted against Atain.  This Court DENIES dismissal of the remainder of the Complaint against Atain.

Because this Court has jurisdiction over Hudson's Complaint against Atain, the stay imposed pending the resolution of Atain's lack-of-jurisdiction claim [14] is hereby lifted.

SO ORDERED, this the 9th day of April, 2026.

   /s/   James D. Maxwell, II   
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI